UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CURTIS GANT,

    Applicant,

v.                                          CASE NO. 8:21-cv-2985-SDM-AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Gant applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for trafficking in cocaine, conspiracy to traffic in cocaine, and possession of drug paraphernalia. Gant is imprisoned for fifteen years. The respondent requests (Doc. 6) a dismissal of the application as time-barred. Gant files neither a reply in support of his application nor an opposition to the request to dismiss. Because he has not replied, Gant fails to contest the respondent's calculation of the limitation. As independently determined below, the respondent correctly calculates the limitation, which shows that the application is untimely.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review."  Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Gant's convictions became final on April 28, 2020.[1]  Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later on April 28, 2021.  On March 17, 2020 — before his convictions became final — Gant moved under state Rule 3.850 for post-conviction relief. (Respondent's Exhibit 11)  Tolling continued until July 16, 2020, when the time expired to appeal the denial of the Rule 3.850 motion.  *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383–84 (11th Cir. 2006).  Gant let 216 days elapse before he filed another Rule 3.850 motion on February 18, 2021.  (Respondent's Exhibit 13) The post-conviction court denied this motion on March 5, 2021.  (Respondent's Exhibit 14)  Gant filed a third Rule 3.850 motion approximately three weeks later on March 24, 2021.  (Respondent's Exhibit 15)  The post-conviction court denied the third Rule 3.850 motion on March 29, 2021.  (Respondent's Exhibit 16)  Gant failed to timely appeal the denial of his second and third Rule 3.850 motions. Consequently, the limitation remained tolled until April 28, 2021, when the time expired to appeal the denial of the third Rule 3.850 motion.  Gant had 149 days remaining (365 – 216 = 149).  Therefore, Gant's federal deadline was September 24,

---

[1] Gant's direct appeal concluded on January 29, 2020. (Respondent's Exhibit 10)  The convictions became final after ninety days, the time allowed for petitioning for the writ of certiorari. 28 U.S.C. § 2244(d)(1)(A); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

2021.  Gant dated his federal application December 22, 2021, almost three months late.[2]  (Doc. 1 at 15)

Gant neither contests the respondent's calculation of the limitation nor asserts entitlement to a delayed start of the limitation nor argues for equitable tolling nor alleges that he is actually innocent.

Accordingly, Gant's application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**.  The clerk must enter a judgment against Gant and **CLOSE** this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Gant is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Gant must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v.*

---

[2] On July 28, 2021, Gant filed an untimely notice of appeal from the denial of his third Rule 3.850 motion.  (Respondent's Exhibits 17, 18)  Because the appellate court dismissed the appeal as untimely, the notice of appeal afforded Gant no tolling.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (state post-conviction motion that is rejected by the state court as untimely is not "properly filed" under Section 2244(d)(2)).  On October 19, 2021, Gant filed a petition for belated appeal.  (Respondent's Exhibit 21)  The petition afforded Gant no tolling because, as shown above, the limitation had already expired on September 24, 2021.  *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

- 3 -

*Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because the application is clearly time-barred, Gant is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Gant must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 22, 2024.

                                            STEVEN D. MERRYDAY
                                            UNITED STATES DISTRICT JUDGE